UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE L. CANALES CANCEL,            )<br>                                                        )<br>            Plaintiff,                         )<br>                                                        )<br>    v.                                              )      Civil Action No. 24-2695 (UNA)<br>                                                        )<br>U.S. DEPARTMENT OF HEALTH   )<br>AND HUMAN SERVICES,             )<br>                                                        )<br>                                                        )<br>            Defendant.                     ) | |

**MEMORANDUM OPINION**

Plaintiff initiated this matter on July 20, 2024, by filing a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On October 24, 2024, the court reviewed the complaint and found that Plaintiff's vague allegations that Defendant U.S. Department of Health and Human Services ("HHS") engaged in misrepresentation, discrimination, abuse of power, and disparagement and behaved as "professional gas lighters" failed to provide adequate notice of a claim pursuant the Federal Rules of Civil Procedure. *See* ECF No. 5, at 2 (quoting ECF No. 1, at 4). Accordingly, the court entered an order granting Plaintiff's IFP application and directing him to file, within thirty days, an amended complaint that complied with Federal Rules of Civil Procedure 8(a), 8(d), and 10(b) and Local Civil Rules 5.1(c) and 5.1(e). *See id.* at 2-3.

In response to the court's order, on November 18, 2024, Plaintiff filed an amended complaint, ECF No. 6, which is now before the court. Upon review of the amended complaint, and for the reasons explained below, the court will dismiss this matter without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

Like its precursor, the amended complaint is not a model of clarity, covering a variety of topics, ranging from 1997 to date, *see generally* ECF No. 6, and the paragraphs are not "limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).  Plaintiff alleges that HHS "gaslighted" him, abused its power, discriminated against him, and intentionally misrepresented itself in connection with an administrative complaint he filed with HHS's Office for Civil Rights.  *See* ECF No. 6, at 4, 6-10.  More specifically, Plaintiff explains that he filed an HHS complaint alleging that a medical group and its providers had denied him services in violation of his civil rights and ultimately caused him to lose his disability benefits.  *See id*. at 4-6.  HHS then closed his case without an investigation, which Plaintiff alleges caused him emotional distress tantamount to torture and entitles him to $250,000 in damages.  *See id*. at 1-4, 6-11.

Simply put, Plaintiff's claims cannot survive.  First, sovereign immunity bars suits against the United States, its agencies, and its officials, except upon consent, which must be clear and unequivocal.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Clark v. Library of Congress*, 750 F.2d 89, 102-04 (D.C. Cir. 1984).  A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).  Here, Plaintiff has neither pleaded nor established that HHS has expressly consented to be sued for damages.  Additionally, as relevant here, there is no waiver of sovereign immunity for constitutional claims, *see FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994), for any alleged "act or omission" of a federal employee "based upon the . . . performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused," 28 U.S.C. § 2680(a); *see Auleta v. United States*, 80 F. Supp. 3d 198, 203 (D.D.C. 2015), or for alleged

intentional torts, 28 U.S.C. § 2680(h); *see Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018).

Second, at bottom, Plaintiff is challenging an agency decision; which is more properly understood as a challenge brought under the Administrative Procedure Act ("APA"). *See* 5 U.S.C. § 702 (providing APA review to a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute"). However, the APA waives sovereign immunity only for claims "where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004). An agency's decision to close a complaint, like HHS's decision here, is an "'agency action [that] is committed to agency discretion by law,'" and is thus "explicitly excepted from APA review." *Payne v. Becerra*, No. 22-00869, 2023 WL 3376630, at *5 (D.D.C. May 11, 2023) (alterations in original) (quoting 5 U.S.C. § 701(a)(2), *aff'd*, No. 23-5131, 2024 WL 409404 (D.C. Cir. Feb. 1, 2024) (per curiam). In any event, monetary relief is not available under the APA. *See* 5 U.S.C. § 702; *Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011) (en banc) ("[T]here is no doubt Congress lifted the bar of sovereign immunity in actions not seeking money damages.").

For these reasons, this matter will dismissed without prejudice and Plaintiff's motion for appointment of counsel, ECF No. 3, will be denied as moot. A separate order accompanies this memorandum opinion.

_____
LOREN L. ALIKHAN
United States District Judge

Date: January 7, 2025